# Cooper *v.* Edeburn.

*Contracts—Restraint of trade—Partnership—Consideration.*

An agreement in writing by the retiring member of a partnership not to engage in the same business as the partnership in the same county is valid, and the consideration for such an agreement is sufficient where it appears that the retiring member received for his interest a sum of money ascertained by a method set forth in the partnership articles, and that although he was required by the articles to offer his interest for this sum, his partners were not bound to accept it.

Argued Oct. 26, 1900. Appeal, No. 126, Oct. T., 1900, by defendant, from decree of C. P. No. 2, Allegheny Co., April T., 1900, No. 160, on bill in equity in case of Charles A. Cooper,

Robert C. Mulhattan and Frederick M. Cooper v. William A. Edeburn. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ.    Affirmed.

Bill in equity for an injunction.

Shafer, J., filed the following opinion:

The bill is for an injunction to restrain the defendant from engaging in the business of civil and mining engineer and surveyor in the county of Allegheny, upon an alleged contract on his part not to do so.

### FINDINGS OF FACT.

1. The plaintiff and defendant on April 1, 1896, entered into a contract of partnership in the business of civil and mining engineering and surveying, by the firm name of Edeburn, Cooper & Company, the partnership to begin the first of January, 1897, and to be terminated at any time by any of the parties upon thirty days' notice.   It was provided by the articles of the association of that date, that the plans, maps, etc., then in their possession, should be valued at $12,000, and that upon the death of either of the parties, the firm should pay to his heirs and assigns his proportion of that amount increased by $400 a year, as an estimated increase in the value of the stock, and that if either W. A. Edeburn or C. A. Cooper should conclude to retire from the firm, the retiring member should offer to the remaining member one half of his interest in the firm on the basis aforesaid, and that the other members of the firm, being the other two plaintiffs, should take the remaining one half of the stock on the same basis, and that the purchase money bear interest until paid.

2. On January 3, 1899, an agreement under seal was made between the parties, plaintiff and defendant, whereby, in consideration of the sum of $4,517.63, the defendant bargained and sold to the plaintiffs all his right and interest in the business and property of the firm of Edeburn, Cooper & Company, and agreed that he would not again engage in the same business in the county of Allegheny without the consent of the plaintiffs, but provided that this agreement should not prevent his surveying lots of which he should have exclusive control, as real estate agent.

3. At the time of the making of this contract Mr. Edeburn intended to engage in the business of real estate agent in partnership with one J. R. Cooper, a brother of C. A. Cooper, one of the plaintiffs, and the agreement contained a provision that the firm name of Edeburn, Cooper & Company, should not be used by Mr. Edeburn in any business in which he should engage.

4. At the time of the signing of this contract Mr. Edeburn knew that it contained the agreement not to engage in business in the county, and suggested the provision allowing him to survey lots of which he should be exclusive agent for sale. He alleges that before the signing of the paper it was agreed between himself and at least some of the plaintiffs, that in case he should want to go out of the real estate business upon some contingency which is not explained, he should be taken back into the firm upon repaying the money taken out by him and a reasonable addition ; this is denied by all three of the plaintiffs, and there is no evidence to sustain the allegation except that of the defendant himself.

5. In August, 1899, the defendant offered in writing to the plaintiffs to pay them $500 to secure them the repayment of the money received by him, and asked thereupon to be reinstated in the firm, which was refused.

6. The defendant is now and has for some time been engaged in the business of a civil and mining engineer and surveyor in the city of Pittsburg.

7. Before the dissolution of the firm by the agreement on January 3, 1899, the firm of Edeburn, Cooper & Company was engaged in the business of surveying and civil engineering throughout the whole of the county of Allegheny and in adjoining counties.

### CONCLUSIONS OF LAW.

1. The agreement that is alleged by the defendant to allow him to re-enter the firm upon payment of certain moneys, if he should desire to retire from the real estate business, is not claimed to have been made with all the parties plaintiff, and the proof is manifestly insufficient to vary or alter the written instrument.

2. The contract of January 3, 1899, whereby the defendant agreed not to engage in the same business in the county of

Allegheny, is not, considering the nature and extent of the business, an unreasonable restraint of trade, nor do we understand that the defendant claims it to be such.

3. It is earnestly contended by the defendant that no good and sufficient consideration has been shown for a contract in restraint of trade. It is claimed that because the purchase money of $4,517.63, paid by the plaintiffs to the defendant, is the exact amount of the interest of the defendant in the firm, calculated by valuing the maps, plans, etc., at $12,000 with an increase of $400 per year on January 1, 1899, it therefore appears that the plaintiffs were bound by the original contract of partnership to pay Edeburn, the defendant, upon his retirement from the firm, this exact amount, and that therefore, its payment furnishes no consideration for the contract which is in partial restraint of trade. This, however, is founded upon a misunderstanding as we take it, of the contract of partnership which does not bind C. A. Cooper to take from W. A. Edeburn one half of his stock on the basis above mentioned upon the dissolution of the firm, but only binds Edeburn, if he shall conclude to retire from the firm, to offer the one half of his stock to C. A. Cooper at that price.

We are of opinion, therefore, that the acceptance of Edeburn of the offer so made, was a good and sufficient consideration for the contract.

4. It follows, that the plaintiffs are entitled to the injunction restraining the defendant from engaging in the business of civil engineer and surveyor in the city of Pittsburg, county of Allegheny, and it is further ordered that the defendant pay the costs. Let a decree be drawn accordingly.

A decree was entered enjoining the defendant.

*Error assigned* was the decree of the court.

*J. McF. Carpenter*, with him *C. S. Cochran*, for appellant.—It is conceded that contracts in restraint of trade are valid if founded on sufficient consideration and restricted as to time or territory, but the law does not look on them with favor, and requires that they be reasonable as well as founded on a good and sufficient consideration: Keeler v. Taylor, 53 Pa. 467; Harkinson's Appeal, 78 Pa. 196; Gompers v. Rochester, 56 Pa.

194; Kimberley v. Jennings, 6 Sim. 340; Cleaver v. Lenhart, 182 Pa. 285.

*John D. Brown,* for appellee.—The court will not inquire as to the adequacy of the consideration: McClurg's Appeal, 58 Pa. 51; Smith's Appeal, 113 Pa. 579.

Unless fraud, accident or mistake be averred and proved, the writing constitutes the agreement between the parties, and its terms can neither be added to or subtracted from by parol evidence: Wodock v. Robinson, 148 Pa. 503; Irvin v. Irvin, 142 Pa. 271; Stull v. Thompson, 154 Pa. 43; Wilkinson v. Colley, 164 Pa. 35.

The strict rule of the earlier cases is much relaxed by the more modern authorities. There are many cases in Pennsylvania sustaining all that the plaintiffs claim: Hall's App., 60 Pa. 458; Smith's App., 113 Pa. 579; Keeler v. Taylor, 53 Pa. 467; Gompers v. Rochester, 56 Pa. 194; Patterson v. Glassmire, 166 Pa. 230.

PER CURIAM, January 7, 1901:

This was a bill in equity to enjoin and restrain the defendant, his agents, servants and employees from engaging in or continuing the same business as that conducted by the plaintiff within the city of Pittsburg, and county of Allegheny, Pennsylvania, contrary to his agreement. The bill was served on the defendant on February 2, 1900; the answer to it was filed on March 18, and the replication was filed on the 19th. On May 28, the case being on the equity list was taken up for trial. The testimony presented by the contending parties and the arguments made by counsel were carefully considered by the learned judge presiding at the trial, and his findings of fact and conclusions of law were filed on July 14, 1900. In accordance with the facts as found and the conclusions arrived at, he entered a decree enjoining and restraining the defendant, his agents, servants and employees in conformity with the provisions in the plaintiff's bill. In his findings of fact and conclusions of law we concur, and on his opinion including them, we affirm the decree as aforesaid.

Decree affirmed and costs of suit to be paid by the appellant.